### RAILROAD CREDIT CORPORATION v. FRUIT GROWERS' EXPRESS CO.

No. 6115.

Court of Appeals of the District of Columbia.

Argued April 4, 5, 1934.

Decided April 30, 1934.

Daniel Willard, Jr., Richard H. Wilmer, Douglas L. Hatch, and William J. Kane, all of Washington, D. C., for appellant.

Carl H. Richmond and John J. Carmody, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

Appellant loaned Norfolk Southern Railroad Company, a Virginia corporation, $290,000 in March, 1932, and took as security 1,572 shares of stock of Fruit Growers' Express Company. In July, 1932, receivers of the railroad were appointed by the District Court of the United States for the Eastern District of Virginia. Receivers paid appellant the semiannual interest due on the debt September 28, 1932, but did not pay the interest due March 28, 1933. Appellant made demand on the Fruit Growers' Express for payment to it of certain money dividends declared by the Express Company on the shares of stock held by it as security. Express Company declined to deliver the dividends to appellant, presumably on the ground they were payable to the railroad company (or its receivers), the record holder of the stock; whereupon this action was begun.

Appellee demurred to the declaration on the ground the court below was without jurisdiction because of a prior taking and exercising of jurisdiction by the United States court for the Eastern District of Virginia, and also because the court below could

not adjudge the rights of the receivers or the railroad, neither being a party to the action. The court below sustained the demurrer, but without giving any reasons. Since, however, the declaration does not show on its face that the receivership court had taken jurisdiction of the subject-matter or of the parties involved here, we assume that the ground on which the court acted was that the receivers were necessary parties, and this upon the theory that in the appointment of receivers the District Court in Virginia had taken possession of all the property of the railroad company and was therefore entitled to administer it without interference by any other court. There is no doubt that the rule is that, when a court of competent jurisdiction has taken property into its possession, the property so taken is withdrawn from the jurisdiction of all other courts. But the applicability of the rule is not apparent here, for the subject-matter of this suit is not property in the sense in which the rule applies. It is no more than a debt due by the Express Company either to the pledgor or the pledgee of the shares of stock on which the dividend was declared, and its situs is outside the territorial limits of the receivership court. In that aspect it is no more than a contested claim, and we do not think the mere appointment of receivers makes it part of the res which the court is administering. In this view we think the demurrer should not have been sustained.

However, in the argument on the appeal we were given a verified copy of a decree entered the 27th of February, 1934, by the receivership court, which all parties agree we may consider as an admission of the facts therein set forth. The decree discloses, first, that appellant had filed in the receivership proceedings a claim against the railroad growing out of the controversy in issue in this cause; that in January, 1934, the receivers made an offer to appellant to settle its claim; that the offer was accepted, and the terms of the settlement ratified and confirmed by the court. The decree was consented to by appellant and appellee by indorsement thereon. It authorized the receivers to transfer and deliver to appellant all right, title, and interest of the railroad company in the pledged stock, the payment of $75,000 in money, and some additional considerations not material. With respect to the *dividends,* it reserves the question of who is entitled to them to be determined in proper judicial proceedings, and then provides that:

"Upon the settlements as herein authorized, being made, the said Special Master shall stand discharged from further consideration of the said claim of The Railroad Credit Corporation, except (subject to the final determination of the objection made by The Railroad Credit Corporation to the jurisdiction of this court * * *) to determine who, in accordance with the terms of the settlement and of this order; is ultimately entitled, at law or in equity, to the ownership, possession and application of any of the dividends declared on the common stock of Fruit Growers Express Company, as set forth in said application. * * *

"The question of the right and the party entitled to the ultimate ownership, possession and application of the dividends heretofore declared on the common stock of Fruit Growers Express Company, as in said Application set forth, shall be determined by proper judicial proceeding, *as above provided.*"

The decree authorizes the special master to make recommendations and conclusions and submit the same to the court on the question reserved.

We regard this consent decree as an agreement on the part of both appellant and appellee and the receivers to submit the subject-matter involved in this suit to the receivership court, subject to appellant's jurisdictional objection; the grounds of which do not appear. Enough does appear, however, to convince us that appellant, in filing its claim in the receivership proceedings and in accepting the benefits of the decree and indorsing its approval on it, consented that the receivership court should pass upon the question in the manner declared in the decree. Until the Virginia court has had an opportunity to consider the question, including the challenge to its jurisdiction, it would be unseemly and in violation of the rules of comity for any other court to proceed to hear and determine the main issue. Nor should the receivership court be embarrassed in proceeding in its own way and in its own time to a final determination of the questions which it expressly reserved and which all parties have consented it should determine.

Our decision, therefore, is to remand the case to the court below, with instructions to set aside the order sustaining the demurrer and then to stay further proceedings pending the final disposition of the questions we have referred to by the District Court of the United States for the Eastern District of Virginia. The costs in this court will be divided.

Reversed and remanded.